UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYLLIS HARRIS-HARDISON,

                        Plaintiff,

                                        CIVIL CASE NO. 05-40160

v.

COMMISSIONER OF SOCIAL SECURITY,      HONORABLE PAUL V. GADOLA
                                                       U.S. DISTRICT COURT
                        Defendant.
_____/

## ORDER SUSTAINING OBJECTIONS TO THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before this Court are Plaintiff's motion for summary judgment filed on December 7, 2005, Defendant's motion for summary judgment filed on February 28, 2006, and Magistrate Judge R. Steven Whalen's Report and Recommendation issued on September 5, 2006. The Magistrate Judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service. The Magistrate Judge recommended that Plaintiff's motion be granted and that Defendant's motion be denied. Defendant timely filed objections to the Report and Recommendation. For the reasons stated below, the Court sustains Defendant's objections and declines to adopt the Magistrate Judge's Report and Recommendation, thereby granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment.

     **I.**     **Background**

Plaintiff filed an application for Social Security disability insurance benefits on October 31, 2001, alleging that she was disabled as of April 1, 1978. After the Social Security Administration initially denied benefits to Plaintiff, a hearing was held on July 13, 2004 before the Administrative

Law Judge ("ALJ"). The ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request to review the ALJ decision, thereby making the decision by the ALJ denying disability benefits the final decision of the Social Security Commissioner. Plaintiff appealed the ALJ decision to this Court pursuant to 42 U.S.C. § 405(g). After the parties filed cross-motions for summary judgment and the Magistrate Judge recommended to reverse the ALJ decision, Defendant filed objections to the Magistrate Judge's Report and Recommendation.

Plaintiff alleges various physical disabilities, including seizures, swollen feet, headaches, back pain, and kidney problems. She also alleges various mental limitations including depression and deficiencies in concentration, persistence, and pace. At the July 13, 2004 hearing to consider Plaintiff's claims, the ALJ considered the testimony of Plaintiff and several doctors who examined her. The ALJ also posed a hypothetical question to the Vocational Expert ("VE") about the employment possibilities of a person with approximately Plaintiff's condition. The VE testified that there were thousands of available jobs, such as light assembler, dishwasher, and housekeeper. The ALJ then ruled that though Plaintiff was unable to perform her past work in a fast-food restaurant, Plaintiff's disabilities did not preclude her from working in one of the thousands of other possible jobs, and thus, she was not disabled under the Social Security Act.

In his Report and Recommendation, the Magistrate Judge believed that there was substantial evidence on the record to support the ALJ's determination that Plaintiff's physical limitations did not preclude her from working. The Magistrate Judge found, however, that although the ALJ had determined that Plaintiff had moderate mental limitations, in particular, deficiencies in concentration, persistence, and pace, the ALJ had failed to include these moderate mental limitations

in its hypothetical to the VE. Accordingly, the ALJ's ultimate decision of no disability relied on the VE's testimony which rested on a faulty hypothetical. Consequently, the Magistrate Judge determined that the ALJ did not have substantial evidence to justify a denial of benefits. The Magistrate Judge thus recommended that the case be remanded for further administrative proceedings concerning Plaintiff's mental limitations.

**II.     Standard of Review**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Defendant filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and

Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2. Because Defendant has filed objections to the Magistrate Judge's Report and Recommendation, this Court will review the record *de novo.*

### III. Analysis

Because the Appeals Council declined to grant Plaintiff's request for appeal, the decision made by the ALJ became the final decision of the Social Security Commissioner. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993). A final decision of the Commissioner may be appealed to a district court pursuant to 42 U.S.C. § 405(g). This final decision must be affirmed by a district court if the Commissioner applied the correct legal standards and if the findings of fact are supported by substantial evidence. *Longworth v.Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.

2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)). Moreover, "[i]f substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Longworth*, 402 F.3d at 595 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Defendant objects to the Magistrate Judge's finding that the ALJ did not have substantial evidence to support its conclusion that Plaintiff's mental limitations did not preclude her from working. Defendant argues that there was substantial evidence because the ALJ considered Dr. Czarnecki's medical assessment, which recognized Plaintiff's mental limitations but still found that Plaintiff could perform simple, unskilled work despite these limitations.

After reviewing the entire administrative record in this case, the Court finds that there was substantial evidence to support the ALJ's ruling. Though there was evidence that Plaintiff suffered from "moderate" mental limitations in the areas of concentration, persistence, and pace, Dr. Czarnecki, who examined Plaintiff, found that Plaintiff "retain[ed] the mental capacity for simple unskilled work." Tr. 212. By considering this medical assessment and other evidence such as Plaintiff's testimony of her daily activities, there was substantial evidence to support the ALJ finding that Plaintiff was able to engage in simple, unskilled work even with her moderate mental limitations. Accordingly, the ALJ did not improperly characterize Plaintiff's mental limitations in its hypothetical proposed to the VE. Therefore, since there was substantial evidence to support the ALJ's findings, this Court will defer to these findings.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's objections [docket entry

18] are **SUSTAINED**.

**IT IS FURTHER ORDERED** that this Court declines to adopt the Report and Recommendation [docket entry 17].

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry 11] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entry 16] is **GRANTED**.

**SO ORDERED.**

Dated:  September 29, 2006             s/Paul V. Gadola
                                       HONORABLE PAUL V. GADOLA
                                       UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 29, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
         James A. Brunson; Barbara A. Murray                       , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                  .

                                       s/Ruth A. Brissaud
                                       Ruth A. Brissaud, Case Manager
                                       (810) 341-7845